[Cite as *Stumpff v. Harris*, 2012-Ohio-1239.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

KENNETH M. STUMPFF, et al.          :

     Plaintiffs-Appellants          :          C.A. CASE NO. 24562

vs.          :          T.C. CASE NO. 03CV5624

RICHARD L. HARRIS, et al.          :          (Civil Appeal from
                                    Common Pleas Court)
     Defendants-Appellees          :

. . . . . . . . .

O P I N I O N

Rendered on the 23rd day of March, 2012.

. . . . . . . . .

Konrad Kuczak, Atty. Reg. No. 0011186, 130 West Second Street, Suite 1010, Dayton, OH 45402-1588
     Attorney for Plaintiffs-Appellants

Alfred W. Schneble, III, Atty. Reg. No. 0030741, 11 West Monument, Suite 402, Dayton, OH 45402
     Attorney for Defendants-Appellees

. . . . . . . . .

GRADY, P.J.:

{¶ 1}  This is an appeal from a final order dissolving a corporation entered pursuant to R.C. 1701.91(D).  We find that the trial court erred when it entered that order without first affording the corporation a hearing pursuant to R.C. 1701.91(C) to determine the corporation's claims against its president relating to assets of the corporation the president allegedly appropriated.  The order of dissolution will be reversed and the case will be

remanded for further proceedings.

**{¶ 2}** In 2003, Kenneth Stumpff and Mahaffey's Auto Salvage, Inc. (the "corporation") commenced an action against Richard Harris. Stumpff and Harris each owned 50% of the shares in the corporation. The Plaintiffs alleged that Harris had used his position as president of the corporation to enrich himself and another business he owned with assets of the corporation and to deny Stumpff opportunities to which he was entitled as a shareholder.

Plaintiffs claimed Harris's conduct was a breach of his fiduciary duties. Harris denied liability and filed a counterclaim seeking an order of judicial dissolution of the corporation.

**{¶ 3}** The claims in the action were referred to a magistrate. Following hearings, the magistrate filed a decision (1) dismissing the Plaintiffs' claims against Harris for breach of fiduciary duty and (2) ordering judicial dissolution of the corporation. Stumpff objected, but the court overruled his objections and adopted the magistrate's decision. Stumpff appealed. On review, we affirmed the judgment of the trial court on September 15, 2006. *Stumpff v. Harris*, 2d Dist. Montgomery No. 21407, 2006-Ohio-4796.

**{¶ 4}** On November 22, 2006, Stumpff filed a motion asking the court to appoint a receiver for the corporation. The court denied that motion, and instead ordered the parties to file an agreed order dividing the assets and liabilities of the corporation within thirty days. The court further ordered that if the parties could not agree, the court would appoint a liquidator to perform that task.

**{¶ 5}** Stumpff filed a notice of appeal from the order denying his motion to appoint a receiver. On May 1, 2007, we dismissed that appeal for lack of a final order. *Stumpff v. Harris*, 2d Dist. Montgomery No. 22050, (May 1, 2007).

**{¶ 6}** Stumpff again moved for the appointment of a receiver, representing that the parties could not agree on a liquidation plan. The court appointed a receiver to "continue, manage, inventory, operate, and liquidate" the corporation, to "receive and collect any and all sums of money due or owing to" the corporation, and to "institute, prosecute and defer" any action in state or federal courts "as may in his opinion be necessary or proper for the protection, maintenance and preservation of the assets of the parties or the carrying out of the terms of this Order."

**{¶ 7}** The receiver held hearing to determine the corporate assets and liabilities. On July 2, 2008, based on information discovered in the course of those hearings, the corporation filed a Notice of Claims alleging that it is owed an additional $233,536 for monies belonging to the corporation that Harris appropriated for the use of another business he owns, Valley Auto Parts, L.L.C.

**{¶ 8}** The receiver filed a report, inventorying the assets of the corporation. The report made no mention of the additional claims totaling $233,536 against Harris made by the corporation. Plaintiffs requested a hearing on their new claims. The court denied that request. The court entered an order identifying the assets of the corporation and ordering the receiver to take possession of those assets and prepare a plan for liquidation of the corporation. Harris filed a notice of appeal from that order. Harris subsequently dismissed his appeal voluntarily on August 19, 2008. *Stumpff v. Harris,* 2d Dist. Montgomery No. 22651 (Sept. 29, 2008).

**{¶ 9}** On March 13, 2008, the receiver filed a liquidation plan that again took no account of the claims against Harris in the corporation's July 2, 2008 Notice of Claims. The

corporation and Stumpff filed objections to the report's failure to take account of those matters. The trial court overruled the objection and adopted the liquidation plan, ordering a full disbursement of monies obtained by the receiver pursuant to the court's order of liquidation. The court also discharged the receiver.

{¶ 10} Stumpff and the corporation took no appeal from the order denying their objections and adopting the liquidation plan of the receiver in the 2003 action. Instead, on October 23, 2008, Stumpff and the corporation commenced a new action against Harris on the claims which were the subject of their July 2, 2008 Notice of Claims.

{¶ 11} Harris moved for summary judgment in the 2008 action. The trial court granted the motion, reasoning that Stumpff and the corporation should have filed a motion in the 2003 action to amend their complaint to include their new claims against Harris. The court further concluded that because Stumpff and the corporation took no appeal from the court's order adopting the report of the receiver in the 2003 action, their claims in the 2008 action are barred by res judicata. Stumpff and the corporation appealed.

{¶ 12} On review, we agreed with the trial court's res judicata analysis, to the extent that the claims in the 2008 action involve the same funds that were asserted in the Notice of Claims the corporation filed in the 2003 action. We further held that such claims against a party to a dissolution proceeding are properly brought as part of that action, and that there was no need for the Plaintiffs to amend their complaint in order to do that because their Notice of Claims had put the matters before the court. When the receiver and the trial court failed to act on those claims, Plaintiffs' proper course of action was an appeal challenging the order overruling their objections and adopting the receiver's report and liquidation plan, which they

failed to pursue.

**{¶ 13}** Nevertheless, we further held that the res judicata bar could not apply to the claims in the 2008 action for lack of an R.C. 1701.91(D) order of dissolution, the final order in such an action from which an appeal lies. We added: "Given that finality has not attached in (the 2003 action on the issue of dissolution), the Appellant's claims against Harris in that case may be pursued further on appeal whenever final judgment is entered. But, the appellants cannot simultaneously pursue their claims in the (2008 action) while the same claims remain part of a pending dissolution action in the same court." We therefore overruled the error Stumpff and the corporation assigned in the 2008 action. *Stumpff v. Harris*, 2d Dist. Montgomery No. 23354, 2010-Ohio-1241, ¶ 32.

**{¶ 14}** Following our decision in Case No. 23354, Stumpff and the corporation requested a hearing in the 2003 action to prove the corporation's claims against Harris. Plaintiffs argued that the court could not enter the final order of dissolution that R.C. 1701.91(D) requires without first complying with R.C. 1701.91(C), which authorizes the court, after a complaint for judicial dissolution is filed, to "require the parties to the proceeding to present and prove their claims, demands, rights, interests, or liens, at the time in the manner required of creditors or others." Plaintiffs argued that an R.C. 1701.91(D) order of dissolution that left the issues of their claims against Harris unresolved would not be a final order.

**{¶ 15}** Prior to entering the order of March 8, 2011, from which this appeal was taken, the trial court on February 24, 2011, entered a Decision, Order and Entry Granting Defendant's Motion For Judicial Dissolution. [Dkt. 2]. After discussing the history of the

litigation, the court concluded that Plaintiffs are not entitled to a hearing on the Notice of Claims they filed on July 2, 2008, because those claims were previously rejected by the court in 2005, when the court dismissed the claims for breach of fiduciary duty in the complaint Defendant filed in 2003, a decision which this court affirmed in Case No. 21407 on September 16, 2006.

{¶ 16} On March 8, 2011, the court entered an order of dissolution pursuant to R.C. 1701.91(D).   Plaintiffs filed a notice of appeal from that order on April 5, 2011.

ASSIGNMENT OF ERROR

{¶ 17} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY DISSOLVING MAHAFFEY'S AUTO SALVAGE, INC. WITHOUT ADDRESSING PROVED BREACH OF FIDUCIARY DUTY CLAIMS AGAINST APPELLEE HARRIS AND SETTING THE VALUE OF THE SHARES OF THE SHAREHOLDERS."

{¶ 18} The history and present posture of this litigation bring to mind the Latin term deus ex machina, literally, "a god out of a machine."   "The expression has its origin in ancient Greek theatre, especially in certain plays of Euripides.   When the complexities of plot and character appeared incapable of resolution, a god was set down on stage by a mechanical crane to sort out things and make them right.   Greek gods could do anything."[1]

{¶ 19} We have no illusion that our talents and capacities allow us to act as the Greek gods were once portrayed, but merely observe that the record of this proceeding and the arguments of the parties would benefit from their assistance.

---

[1] **Amo, Amas, Amat and More, by Eugene Ehrlich (Harper & Row, 1985), pp. 104-105.**

**{¶ 20}** The complaint that Stumpff and the corporation filed in 2003 has not been made a part of the record of this appeal. However, we note that our decision in Case No. 21407, affirming dismissal of those claims against Harris for breaches of fiduciary duty, states that those claims set out two grounds for the breaches alleged: that Harris had "unilaterally raised the rent paid by the corporation to himself for lease of the premises," and "that Harris breached his fiduciary duty when he prohibited Stumpff from entering the premises." *Id*., ¶ 66.

**{¶ 21}** The Notice of Claims that Plaintiffs filed on July 2, 2008 allege the following claims on behalf of the corporation against Harris and the other business entity he owns:

| | |
|---|---|
| Attorney fees in the amount of | $ 22,170.00 |
| Employee Health Premiums | 33,468.13 |
| Employee Wages | 152,050.00 |
| Employee Payroll Taxes | 28,848.50 |

[Dkt 11, Case No. 23354.]

**{¶ 22}** Plaintiffs argued that they learned of these new matters on January 23, 2008, during a hearing to determine the assets of the corporation, and that the new matters concern transactions that occurred between June 1, 2005 and January 15, 2008. In that event, Plaintiffs' new claims are not a part of the acts or transactions on which the claims for unjust enrichment in their 2003 claim were founded, and the new claims are not barred from subsequent judicial determination by res judicata.

**{¶ 23}** In Case No. 23354, we held that Plaintiffs' Notice of Claims properly put the matter of their new claims before the court, and that when the court failed to act on them the

Plaintiffs could have appealed any error, but for the lack of an R.C. 1701.91(D) final order. On remand, Plaintiffs renewed their request for a hearing on their Notice of Claims. R.C. 1701.19(C) charges the court to "require the parties to the proceeding to present and prove their claims, rights, interests, or liens, at the time and in the manner required of creditors or others." The court erred when it failed to afford Plaintiffs an opportunity to prove their claims prior to entering its R.C. 1701.91(D) order of dissolution, on a finding that those claims are barred by res judicata.

{¶ 24} The assignment of error is sustained. The March 8, 2011 order of dissolution will be reversed and vacated. The case will be remanded to the trial court to conduct a hearing pursuant to R.C. 1701.91(C) on Plaintiffs' July 2, 2008 Notice of Claims, and to thereafter enter an order of dissolution pursuant to R.C. 1701.91(D) "upon the evidence" and containing, in addition to the provisions that section expressly requires, "such other provisions with respect to the judicial dissolution and winding up as are considered necessary or desirable," *Id*.

DONOVAN, J., concurs.

HALL, J., concurring:

{¶ 25} I agree with the opinion of the majority but write separately to detail why I believe the prior litigation does not have a res judicata effect on the discreet claims raised in the appellant's "Objection, etc.* * * to Report of Receiver and Request for Hearing" filed July 21, 2008.

{¶ 26} The original complaint was filed August 7, 2003, and a trial was conducted before a magistrate on April 26, 2004, and completed on May 26, 2004. The magistrate's decision filed November 24, 2004, dismissed the appellant's complaint for breach of fiduciary duty, with prejudice. Objections and supplemental objections were filed. The trial court overruled the objections and likewise dismissed the complaint for breach of fiduciary duty, with prejudice, in its decision, order, and entry filed December 6, 2005. That decision also ordered the judicial dissolution of Mahaffey's Auto Salvage, Inc. Of primary significance here is the nature of the breach of fiduciary duty that was alleged and tried in this initial engagement. Stumpff asserted that he was ousted from performing his duties, excluded from the Mahaffey's premises, denied salary and medical benefits, and that Harris took possession of personalty, inventory, books, and records.

{¶ 27} Appellant's appeal from the trial court's December 6, 2005, decision was docketed as this court's case number CA 21407. The trial court's decision was affirmed by Opinion and Final Judgment Entry both filed September 15, 2006.

{¶ 28} After this court's affirmance, the case was ripe for the trial court to proceed with the winding up of affairs for the judicial dissolution. A receiver was appointed. Assets of the corporation were determined and the "Receiver's plan for liquidation" was filed March 13, 2008. It ended: "Following liquidation * * * Receiver would file a report after reviewing each claim. Thereafter, any objecting party to the Receiver's Report may request an oral hearing on the same." *Id* at 2. On July 2, 2008, Mahaffey's filed a notice of claims asserting that Harris, who had been operating the company in the interim, and Valley Auto parts, LLC, Harris' new salvage operation, owed the corporation for attorney fees, and for employee

healthcare, wages, and payroll taxes that were paid from June 1, 2005, through January 23, 2008 (the date of the hearing to determine assets.)

{¶ 29} On July 9, 2008, the Report of the Receiver was filed. On July 21, 2008, appellant filed objections to the receiver's report and requested a hearing. The principle thrust of the objections was the failure of the receiver to recognize the claims filed July 2, 2008, for reimbursement of attorney fees, employee wages, benefits, and payroll taxes. Appellant's claims related to the compensation of employees beginning on June 1, 2005. Those claims are different in kind, nature, and time than the breach of fiduciary duty claims for exclusion of Stumpff from the business, which were the subject of the trial on April 26 and May 26, 2004. Most importantly, the claim that Harris dissipated several hundred thousand dollars belonging to Mahaffey's from June 1, 2005, to January 23, 2008, did not exist at the time of the original 2004 trial. To the discrete extent that appellant's claims arose after the original trial, I would determine that res judicata emanating from the 2004 trial decisions and their affirmance on appeal, did not bar the presentation of those claims in July 2008. Accordingly, I agree that the matter should be remanded for a hearing on those claims.

{¶ 30} Needless to say, granting a hearing does not grant the claims alleged. The record reveals that when appellant Stumpff took $16,000.00 out of the corporate accounts, there was little if any money left. Therefore, the after-trial payroll expenses about which appellant complains were likely paid with after-acquired income, which Stumpff, who was excluded from the premises, did not assist to produce. But, the viability of appellant's claims is best left for the trial court to determine.

. . . . . . . . .

Copies mailed to:

Konrad Kuczak, Esq.
Alfred W. Schneble, III, Esq.
Hon. Mary Lynn Wiseman